UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 40 WALL STREET LLC<br><br>Plaintiff,<br><br>-against-<br><br>DEAN & DELUCA, INC.,<br><br>Defendant. | Index No. 19 cv<br><br>**COMPLAINT**<br><br>**WITHOUT JURY DEMAND** |

Plaintiff 40 Wall Street LLC ("Plaintiff"), by its attorneys, Belkin Burden Wenig & Goldman LLP, for its complaint against Defendant Dean & Deluca, Inc. ("Defendant") alleges as follows:

## NATURE OF CLAIMS

1. In this action, Plaintiff seeks monetary damages against Defendant as a result of Defendant's failure to comply with the terms and conditions of the "Lease" (as such term is hereinafter defined), including, but not limited to, Defendant's failure to pay to Plaintiff the fixed monthly rent and additional rent due and owing under the "Lease" and/or to otherwise replenish and/or refund (after such amounts were drawn down upon) the "Security Amount" and/or "Cash Security Amount" (as such terms are hereinafter respectively defined). Plaintiff further seeks a declaratory judgment from this Court, adjudging and declaring that, in accordance with Plaintiff's rights and remedies under the "Lease", and Defendant's corresponding liabilities and obligations, Defendant is required to pay to Plaintiff, on or before the first (1st) day of each and every calendar month, all fixed monthly rent and additional rent due and owing under the "Lease" for the period

-1-

from August 1, 2019 through and including February 29, 2032 (the date that the Lease was scheduled to expire by its terms) (the "Lease Expiration Date").

2. Plaintiff is the ground lessee of the building located at 40 Wall Street, New York, New York (the "Building").

3. Plaintiff is also the landlord of the "Premises" pursuant to the terms and conditions of the "Lease" (as such terms are hereinafter respectively defined).

4. Plaintiff and Defendant entered into a written commercial lease, dated as of July 16, 2015 (the "Initial Lease"), as thereafter amended pursuant to a First Amendment of Lease, made as of October 20, 2015 (the "First Amendment"), and as further amended and/or modified pursuant to the Second Amendment of Lease, made as of February 23, 2017 (the "Second Amendment", and together with the First Amendment and the Initial Lease, shall collectively be referred to as the "Lease").

5. Pursuant to the terms of the Lease, Defendant was demised a portion of the main floor and lower level in the Building (the "Premises").

6. The Lease terminated, effective as of June 28, 2019, pursuant to a Five (5) Day Notice of Termination, dated June 18, 2019 (the "Termination Notice"), which Plaintiff served upon Defendant, based upon Defendant's failure, in breach of the terms and conditions of the Lease, to (i) pay to Plaintiff base rent and additional rent due under the Lease, in the amount of $352,635.33, and (ii) restore and/or replenish the "Security Amount" and "Cash Security Amount" (as such terms are hereinafter defined) (and after such amounts were drawn down upon), in the cumulative sum of $731,535.95.

7. Plaintiff took back possession of the Premises subsequent to the Termination Date.

8. Defendant remains liable to Plaintiff for all fixed monthly rent, additional rent and/or other charges (collectively, the "Rent") due and owing under the Lease through and including the Lease Expiration Date.

## PARTIES

9. Plaintiff is a New York Limited Liability Company, organized under the laws of the State of New York, with a principal place of business located at 725 Fifth Avenue, New York, New York.

10. Defendant is a Delaware Limited Liability Company, organized under the laws of the State of Delaware, whose principal places of business are located at 2402 East 37th Street North Wichita Kansas, 67219 and/or 4727 S. Emporia Street, Suite 133, Wichita Kansas 67216.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE RELEVANT TERMS AND CONDITIONS OF THE LEASE

13. Pursuant to the terms of the Lease, Defendant had an absolute and unconditional obligation to pay to Plaintiff the Rent due and owing thereunder, without any offset, abatement or deduction whatsoever.

14. Article 1.05 of the Initial Lease provides: "From and after the Rent Commencement Date (except as otherwise specifically provided in Exhibit C), Tenant shall pay the fixed rent

and additional rent herein reserved promptly as and when the same shall become due and payable, without demand therefor and without any abatement, deduction or offset whatsoever except as expressly provided in this lease."

15. Article 1.04(a) of the Initial Lease further provides: "**fixed rent**" or "Fixed Rent" as specified on Exhibit C annexed hereto which shall be payable in equal monthly installments in advance on the first day of each and every calendar month during the term of this lease..."

16. Pursuant to Exhibit C, which was annexed to the Initial Lease, the annual fixed rent (for the relevant period at issue in this dispute/action) was $1,400,000.00 per year, or $116,666.67 per month.

17. Article 1.04(b) of the Initial Lease provides: "**additional rent**" or "Additional Rent" consisting of all such other sums of money as shall become due from and payable by Tenant to Landlord..."

18. Pursuant to Article 4 of the Initial Lease, Defendant, by letter of credit, deposited with Plaintiff a $350,000.00 security amount (the "Security Amount"), plus a cash security deposit, in the amount of $500,000.00 (the "Cash Security Amount"), which amounts were delivered to Plaintiff "as security for the faithful performance and observance by Tenant of the terms, provisions and conditions of this Lease."

19. In the event that Defendant failed to comply with any of the terms and conditions of the Lease, including, but not limited to, failing to pay to Plaintiff the Rent due and owing thereunder, Plaintiff had the right to draw down upon, apply, retain, and/or otherwise use, the Security Amount and/or the Cash Security Amount to satisfy any outstanding Rent, which Defendant failed to pay to Plaintiff (the "Draw-Down Right"). In the event that

-4-

Plaintiff exercised the Draw-Down Right, Defendant was required to replenish all amounts or sums of money, which were drawn-down upon, applied and/or otherwise used from the Cash Security Amount and/or the Security Amount so that the Cash Security Amount and Security Amount would, at all times, equal $500,000.00 and $350,000.00, respectively.

20. Pursuant to the terms of the Lease, if the Lease terminated due to Defendant's default, including its failure to pay the Rent and/or to replenish the Security Amount and/or Cash Security Amount, then Defendant remained liable to Plaintiff for all Rent due and owing under the Lease through and including the Lease Expiration Date.

21. Specifically, Article 28.01 of the Initial Lease provides, in relevant part:

> If this lease is terminated under the provisions of Article 26, or if Landlord shall re-enter the Demised Premises under the provisions of Article 27, or in the event of the termination of this lease, or of re-entry by or under any summary dispossess or other legal proceeding or action or any provision of law by reason of default hereunder on the part of Tenant… Tenant shall pay to Landlord as damages, at the election of Landlord, either:
>
> (b) sums equal to the fixed rent and the additional rent (as above presumed) payable hereunder which would have been payable by Tenant had this lease not so terminated, or had Landlord not so-re-entered the Demised Premises, payable upon the due dates therefor specified herein following such termination or such re-entry and until the Expiration Date, provided, however, that if Landlord shall relet the Demised Premises during said period, Landlord shall credit Tenant with the net rents received by Landlord from such reletting, such net rents to be determined by first deducting from the gross rents as and when received by Landlord from such reletting the actual and documented expenses incurred or paid by Landlord in terminating this lease or in re-entering the Demised Premises and in securing possession thereof, as well as the expenses of reletting, including altering and preparing the Demised Premises for new tenant(s), brokers' commissions, and all other actual and documented expenses properly chargeable against the Demised Premises and the rental therefrom….

-5-

## DEFENDANT'S FAILURE, IN BREACH OF THE LEASE, TO (A) PAY THE RENT AND (B) REPLENISH THE SECURITY AMOUNT AND CASH SECURITY AMOUNT

22. In breach of Defendant's obligations under Article 1 of the Initial Lease, Defendant failed to pay to Plaintiff the Rent due under the Lease for the period from October 2017 through January 2018, in addition to March 2018 through April 2018, in the cumulative amount of $731,535.95.

23. Based upon such rental default, and in accordance with Plaintiff's rights and remedies under the Lease, on or about April 13, 2018, Plaintiff exercised the Draw-Down Right and drew down upon the entire amount of the Security Amount, and the balance of $381,535.95 from the Cash Security Amount.

24. In breach of Defendant's obligations under Article 4 of the Initial Lease, Defendant failed to timely restore and/or replenish the Security Amount and Cash Security Amount, which were drawn down upon by Plaintiff, as aforesaid (the "Security Deposit Breach").

25. Further, Defendant, in breach of Article 1 of the Initial Lease, failed to pay to Plaintiff the fixed monthly rent due and owing under the Lease for the months of April, May and June 2019, in the amount of $116,666.67 per month, in addition to electric charges, which constitute additional rent, in the amount of $1,728.92, plus legal fees (also constituting additional rent), in the amount of $906.40, thus totaling $352,635.33 (the "Rent Default").

26. Based upon the Security Deposit Breach and the Rent Default, Plaintiff served Defendant with a Default Notice, dated June 5, 2019 (the "Default Notice"), demanding, *inter alia*, that Defendant cure the Security Deposit Breach and the Rent Default on or before June 17, 2019 (the "Cure Expiration Date") by (a) paying to Plaintiff the sum of $352,635.33, that being the amount of Rent due and owing under the Lease (which Defendant failed to

pay to Plaintiff) as of the date of the Default Notice and (b) fully restoring the Security Amount and the Cash Security Amount by paying to Plaintiff the sum of $731,535.95 (the "Security Restoration Amount").

27. Thus, on or before the Cure Expiration Date, Defendant was required to tender a payment to Plaintiff in the cumulative amount of $1,084,171.28 (the "Total Amount Due and Owing").

28. Defendant failed to pay to Plaintiff the Total Amount Due and Owing, and thus, failed to cure its default on or before the Cure Expiration Date.

29. Therefore, Plaintiff served Defendant with the Termination Notice, terminating the Lease as of the Termination Date.

30. As of the date hereof, the Premises has not been relet to a new tenant.

31. Plaintiff is under no obligation, whether pursuant to the Lease or applicable laws, to mitigate Defendant's damages.

32. Subsequent to the Termination Date, Plaintiff took back possession of the Premises.

33. Since Plaintiff took back possession of the Premises, July fixed monthly rent, in the amount of $116,666.67 per month, and additional rent have become due and owing, which Defendant has failed to pay to Plaintiff.

## FIRST CLAIM FOR RELIEF
### Breach of Contract/Money Damages

34. Plaintiff repeats and realleges all of the above allegations with the same force and effect as if fully set forth below.

35. A valid contract, i.e. the Lease, existed between Plaintiff and Defendant.

36. Plaintiff has complied with its obligations under the terms of the Lease.

37. Defendant failed to comply with the terms and conditions of the Lease.

38. Specifically, in breach of Defendant's obligations under Article 1 of the Initial Lease, Defendant failed to pay to Plaintiff Rent, in the amount of $352,635.33, which amount comprises base rent, in the amount of $116,666.67 per month, for the months of April, May and June 2019, plus electrical charges, in the amount of $1,728.92, plus legal fees, in the amount of $906.40.

39. Additionally, in breach of Article 4 of the Initial Lease, Defendant failed to restore and/or replenish the Cash Security Amount and/or the Security Amount, in the sum of $731,535.95 (i.e. the Security Restoration Amount).

40. In addition, Defendant, in breach of its obligations under the Lease, failed to pay to Plaintiff July fixed monthly rent, in the amount of $116,666.67, in addition to all other additional rent due and owing under the Lease (the "July Arrears").

41. Based upon the foregoing, and as of July 2019, Defendant is liable to Plaintiff for money damages, in the sum of $350,837.95, representing the Total Amount Due and Owing, plus the July Arrears, less the drawn down of the Cash Security Amount and Security Amount.

42. In addition, Plaintiff reserves the right to obtain a money judgment for damages for all Rent due and owing under the Lease through and including the date of judgment.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGMENT

43. Plaintiff repeats and realleges all of the above allegations with the same force and effect as if fully set forth below.

44. Pursuant to Article 28.01(b) of the Initial Lease, notwithstanding the termination of the Lease pursuant to the Termination Notice, Defendant remains liable to Plaintiff for all Rent due and owing under the Lease through and including the Lease Expiration Date, which Rent is payable on or before the first (1st) day of each and every calendar month.

45. As of the date hereof, the Premises has not been relet, and Plaintiff is under no obligation, whether pursuant to the Lease and/or applicable laws, to mitigate Defendant's damages.

46. An actual justiciable controversy exists between the parties' and Plaintiff has no adequate remedy at law.

47. Accordingly, because Section 28.01(b) of the Initial Lease entitles Plaintiff to all Rent due and owing under the Lease through the Lease Expiration Date, and correspondingly, obligates Defendant to tender such Rent to Plaintiff on the due dates prescribed by the Lease (i.e. the first (1st) day of each and every calendar month), Plaintiff is entitled to an order and judgment from this Court adjudging and declaring that Defendant is required to pay to Plaintiff the Rent due and owing under the Lease, on or before the first (1st) day of each and every calendar month, for the period from August 1, 2019 through and including the Lease Expiration Date, which amounts and/or damages may be reduced in the event that the Premises is subsequently relet to a new tenant, as provided for in Section 28.01(b) of the Initial Lease.

### THIRD CLAIM FOR RELIEF
### ATTORNEYS' FEES

48. Plaintiff repeats and realleges all of the above allegations with the same force and effect as if fully set forth below.

49. Pursuant to Article 31 of the Initial Lease, Plaintiff is entitled to a money judgment for all attorneys' fees incurred in connection with the prosecution of this action.

50. Article 31.02 of the Initial Lease provides, in relevant part:

> If either Landlord or Tenant shall bring an action or proceeding in any court of competent jurisdiction.... to enforce its rights or the other party's obligations under the terms, covenants and conditions and provisions of this lease... the prevailing party shall be paid or reimbursed by the non-prevailing party for the third party actually

-9-

incurred reasonable attorneys' fees and disbursements, and other third party reasonable costs and expenses incurred by the prevailing party (including without limitation court costs....).

51. Plaintiff has commenced this action against Defendant in order to enforce its rights and remedies under the Lease, including, but not limited to, its right to receive and recover all Rent due and owing thereunder, in addition to its right and entitlement to all sums and/or amounts of money comprising the Net Present Value Rate.

52. Plaintiff anticipates that it will be the prevailing party in this action.

53. Plaintiff has incurred, and will continue to incur, attorneys' fees in connection with the prosecution of this action.

54. Therefore, Defendant is liable to Plaintiff for attorneys' fees, in an amount to be determined by the Court, but in an amount no less than $50,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court grant judgment against Defendant as follows:

(a) On The First Claim for Relief, granting Plaintiff a money judgment against Defendant, in the sum of $350,837.95, with interest, subject to Plaintiff's right to seek additional damages for all Rent due and owing under the Lease through and including the date of judgment;

(b) On the Second Claim for Relief, granting Plaintiff a declaratory judgment, adjudging and declaring that Defendant is required to pay and/or tender to Plaintiff, on or before the first (1st) day of each and every calendar month, all Rent due and owing under the Lease, for the period from August 1, 2019 through and including the Lease Expiration Date;

(c) On the Third Claim for Relief; granting Plaintiff a money judgment for attorneys' fees against Defendant, in the sum of at least $50,000.00, with interest; and

(d) Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 23, 2019

BELKIN BURDEN WENIG & GOLDMAN, LLP

By:  /s/   Jeffrey L. Goldman
Jeffrey L. Goldman
*Attorneys For Plaintiff*
270 Madison Avenue
New York, New York 10016
(212) 867-4466
JGoldman@bbwg.com